1　DAVID N. BARRY, ESQ. (SBN 219230)
2　SARAH JANE NORRIS, ESQ. (SBN 312233)
　　THE BARRY LAW FIRM
3　11845 W. Olympic Blvd., Suite 1270
　　Los Angeles, CA 90064
4　Telephone: 310.684.5859
　　Facsimile: 310.862.4539

5　Attorneys for Plaintiff, OSCAR LEMUS

6

7

8　　　　　　**UNITED STATES DISTRICT COURT**

9

10　　　　　　**CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| OSCAR LEMUS, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NISSAN NORTH AMERICA, INC.; a Delaware Corporation, and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No. **2:22-CV-1301-SVW (GJSx)**<br><br>[Removed from Los Angeles Superior Court, Case No. 22STCV02822]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>*[Filed Concurrently with Plaintiff's Notice of Motion & Motion for Attorneys' Fees; Declarations of David N. Barry, Anna Galaviz, Sarah Jane Norris, Logan Pascal, and Hallen D. Rosner in Support of Motion]*<br><br>**Date:　　　August 15, 2022**<br>**Time:　　　1:30 p.m.**<br>**Crtrm:　　　10A**<br><br>**Action Filed: January 24, 2022**<br><br>*Assigned for all purposes to the Hon. Stephen V. Wilson in Courtroom 10A* |

# **TABLE OF CONTENTS**

I.    INTRODUCTION……………………………………………………..…......1

II.   STATEMENT OF FACTS…………………………..……………………......1

      A.    Vehicle Repair History and Pre-Litigation Repurchase Request………....1

      B.    Plaintiff's Counsel's Efforts During Litigation………………………….....3

III.  PLAINTIFF ATTEMPTED TO RESOLVE THE ISSUE OF PLAINTIFF'S
      FEES AND COSTS PRIOR TO THE FILING OF THIS MOTION…………..4

IV.   ARGUMENT AND ANALYSIS…………………………………………….....5

      A.    Plaintiff's Attorneys Are Entitled to Fees, Costs and Expenses in This
            Action……………………………………………………………………....5

      B.    The Hourly Rates Sought by Plaintiff's Attorneys are
            Reasonable……………………………………………………………….......6

            1.    The Nature and Complexity of the Litigation Support the
                  Attorneys' Fees Requested……………………………………….......9

            2.    The Firm's Skill Justified the Amount of Attorneys' Fees
                  Sought…...………………………………………………………10

      C.    The Settlement Amount Does Not Limit The Attorneys' Fee
            Recovery…………………………………………………………………10

      D.    Plaintiff is Entitled to Recover All Costs and Expenses Reasonably
            Incurred in Connection with This Action……………………………12

V.    CONCLUSION……………………………………………………………12

# TABLE OF AUTHORITIES

## Cases

*City of Riverside v. Rivera* (1986) 477 U.S. 561 ........................................................ 11

*Dietrich v. Dietrich* (1953) 41 Cal. 2d 497 ................................................................ 9

*Drouin v. Fleetwood Enterprises* (1985) 163 Cal.App.3d 486 ............... ... ... ... ....... 10

*Goglin v. BMW of North America, LLC* (2016), 4 Cal.App. 5th 464 ........................ 11

Gordillo v. Ford Motor Co.(E.D. 2014) 2014 U.S.Dist. LEXIS 84359, at *3-4 .......... 5

*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal. App. 4th 140 ......5, 6, 7, 9, 10

*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553 ...................................... 6, 7

*Hadley v. Krepel* (1985) 167 Cal. App. 3d 677 ........................................................ 12

*Hall v. FCA US LLC* (E.D.Cal. May 21, 2018, No. 1:16-cv-0684 - JLT) 2018 U.S.Dist.LEXIS 85048, at *6-8 ................................................................................ 5

*Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407 ............. 11

*Independent Federation of Flight Attendants v. Zipes* (1989) 491 U.S. 754 ............. 11

*Jensen v. BMW of North America, Inc.* (1995) 35 Cal. App. 4th 112 ........................ 12

*Ketchum v. Moses* (2001) 24 Cal. 4th 1122 ............................................................. 12

*La Mesa–Spring Valley School District v. Otsuka* (1962) 57 Cal. 2d 309 ................. 10

*Los Angeles Police Protective League v. City of Los Angeles* (1986) 188 Cal. App. 3d 1 ........................................................................................................................... 8

*Mandel v. Lackner* (1979) 92 Cal.App.3d 747 .......................................................... 6

*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal. 4th 985 .................................. 7

*Niederer v. Ferreira* (1987) 189 Cal.App.3d 1485 .................................................. 10

*Nightingale v. Hyundai Motor America* (1994) 31 Cal. App. 4th 99 ........................... 7

*PLCM Group, Inc. v. Drexler* (2000) 22 Cal. 4th 1084 ......................................... 7, 8

*Premier Med. Mgmt. Sys. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550 ........................................................................................................................... 5

*Reveles v. Toyota by the Bay* (1997) 57 Cal.App.4th 1139 ........................................ 6

*Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal. App. 4th 785 ................................................................................................................... 6, 7, 11

1

*Serrano v. Priest* (1977) 20 Cal. 3d 25 .......................................................6, 7

2

*Serrano v. Unruh* (1982) 32 Cal. 3d 621 ....................................................6, 8

3

**Statutes**

*Civil Code § 1794(d)* ............................................1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12

4

*Code of Civil Procedure § 1032(a)(4)* ..............................................................6

5

*Code of Civil Procedure § 1033.5*.................................................................12

6

*Federal Rules of Civil Procedure § 54*............................................................6

7

**Treatises**

8

Pearl, California Attorney Fee Awards, at section 12.14A, 12.33 (2nd Ed. 2005)......6

9

**Legislative Materials**

10

Sen. Report No. 93-151, 1st Sess. pp. 23-24 (1973)...................................11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  INTRODUCTION

At the Pretrial Conference on or about June 13, 2022, Defendant Nissan North America, Inc. (hereinafter "Defendant" or "NNA") made the first reasonable offer to settle this case representing a full repurchase of Plaintiff's vehicle to be paid directly to Plaintiff, which Plaintiff accepted. Plaintiff obtained this substantial result without going to trial. By any analysis, Plaintiff achieved an excellent settlement given that, as discussed below, Plaintiff expressly requested a repurchase of the Subject Vehicle prior to initiating litigation.

On December 14, 2019, Plaintiff purchase of a new 2019 Nissan Sentra (the "Subject Vehicle" or "Vehicle"). Throughout the ownership of the vehicle, Plaintiff suffered through a litany of issue with the Vehicle.

Prior to initiating litigation, Plaintiff contacted Defendant NNA's customer call center with the hope that Defendant would repurchase his defective Vehicle, but Defendant NNA failed to promptly repurchase or replace the Subject Vehicle. Defendant NNA made a business decision that, by its actions, Plaintiff (like many consumers) would walk away and Defendant NNA would then save time and money.

Plaintiff could not afford to do that and was forced to hire The Barry Law Firm ("TBLF") on a contingency basis to assist in vindicating his rights. TBLF proceeded to file this case in Los Angeles County Superior Court on January 24, 2022 (Case No. 22STCV02822). Defendant, for unknown reasons, removed this non-diverse case from State Court jurisdiction.

## II.  STATEMENT OF FACTS

### A.  <u>Vehicle Repair History and Pre-Litigation Repurchase Request</u>

This Song-Beverly lawsuit stems from purchase of a new 2019 Nissan Sentra. The Vehicle was purchased on December 14, 2019.  The total agreed upon value of the Vehicle was $40,884.72.  A true and correct copy of the Purchase Agreement is attached in the David N. Barry Declaration ("Barry Decl.") as **Exhibit "1."**

The Vehicle was manufactured by Defendant NNA. At the time of the

-1-

1    purchase, Defendant NNA issued an express written warranty guaranteeing that any

2    and all defects in workmanship or materials that arose during the Plaintiff's first 3

3    years or 36,000 miles of the ownership would be covered at no charge to Plaintiff.

4    The Vehicle also had a Powertrain Warranty for Five (5) years or 60,000 miles

5    whichever comes first, that covers repairs due to defects in materials and/or

6    workmanship for components including the Engine, Transmission/Transaxle,

7    Transfer Case, Drive Systems, and others.

8        Within the applicable express warranty period, Plaintiff presented the Vehicle

9    to Defendant NNA for repair related to numerous defects, malfunctions,

10   misadjustments, and/or nonconformities related to the defective Continuously

11   Variable Transmission ("CVT"), loud knocking noises coming from the Vehicle,

12   transmission hesitating and jolting, loss of power, transmission slipping and

13   juddering while accelerating, transmission kicking and hesitating while shifting

14   gears, and several recalls.  After each presentation, Defendant returned the Vehicle

15   and represented to Plaintiff that the Vehicle was then operating as intended and was

16   safe to drive.   Plaintiff reasonably relied on this representation by the service

17   technician at the Defendants' authorized repair facility. All diagnostics/repairs were

18   covered under Defendant NNA's written warranty. A true and correct copy of the

19   Repair Orders are attached in the Barry Decl. as **Exhibit "2."**

20       Further, on November 18, 2021, Plaintiff called Defendant NNA's customer

21   assistance hotline to complain that he had presented the Vehicle for the same

22   problem on multiple occasions and specifically requested a buyback. *See*, Barry

23   Declaration at ¶ 6. At all times, Defendant NNA had direct, contemporaneous

24   knowledge of the Vehicle's defects, which it records in various databases accessible

25   to its authorized repair facilities and the corporate offices. These repair records

26   indicate each time the Vehicle was presented for repair during the warranty period,

27   as well as every time the Defendant NNA repair facility found a problem attributable

28   to Defendant NNA, and billed Defendant NNA for the work. *Id.*

-2-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS,
AND EXPENSES**

1  Despite the ongoing repairs, continued manifestation of problems and even

2  Defendant NNA's acknowledgement of the defective nature of Plaintiff's Vehicle,

3  Defendant NNA failed to promptly comply with its obligations under The Song-

4  Beverly Consumer Warranty Act (the "SBA"). As a result, Plaintiff continued to feel

5  the repercussions of having purchased the Vehicle and filed suit on January 24, 2022.

6  **B.    Plaintiff's Counsel's Efforts During Litigation**

7  Plaintiff contacted TBLF and told the firm about the problems with the

8  Vehicle and the way Defendant NNA treated his concerns. After review of the repair

9  history and discussions with Plaintiff, TBLF agreed to represent him and bear the

10  risk of litigating the case on a fully contingent basis. *See*, Barry Decl. at ¶3. Because

11  the firm's compensation was purely contingent, the firm faced a genuine risk of not

12  being paid for its services for years, if at all, while advancing a great sum of money

13  in costs and expenses on Plaintiff's behalf.

14  Throughout the litigation process, Defendant's position in the litigation

15  required extensive efforts on the part of Plaintiff's attorneys, and they promptly

16  began working up the case on behalf of Plaintiff. Plaintiff drafted written discovery

17  for litigation in state court on or about February 23, 2022, consisting of form

18  interrogatories, 47 requests for admissions, 63 request for production of documents,

19  and 55 special interrogatories. Without the benefit of TBLF's vast knowledge,

20  experience and specialized expertise, such discovery would have taken multitudes of

21  the time expediently managed here.

22  On February 25, 2022, Defendant NNA removed this case from the San

23  Bernardino Superior Court to the US District Court for the Central District of

24  California. Defendant NNA's gamesmanship in removing this case resulted in

25  additional work and attorneys due to the additional pleadings, discovery (including

26  but not limited to 18 interrogatories, 44 requests for admission, and 63 request for

27  production of documents), and hearings required in this Court. Plaintiff's counsel

28  inevitable, additional time on tasks specific to this Court, including reviewing the

-3-

notice of removal; preparing and drafting initial disclosures under FRCP 26; drafting the Rule 26 joint report of early meeting; preparing and filing the notice of appearance; traveling to and attending Court, among other tasks.

Plaintiff's counsel was also required to monitor, review, oppose, and prepare for Defendant's (1) Motion for Judgment on the Pleadings (ultimately submitted and hearing vacated and off-calendar) and (2) Motion for Summary Judgement or Partial Summary Judgement (ultimately granted as to Plaintiff's fraud claim). Plaintiff's counsel was required to take additional time to review each of these documents, oppose said Motion for Summary Judgment or Partial Summary Judgement in a timely manner, review Defendant's stipulation for protective order, take the deposition of NNA's PMK on May 10, 2022, prepare and file trial documents, and prepare for a hearing prior to receiving this Court's in chambers rulings.

It is important to note again that instead of promptly repurchasing the Vehicle, Plaintiff was forced to retain counsel and fight an uphill battle against Defendant NNA. At the June 13, 2022 Pretrial Conference, Defendant NNA agreed and this Court declared that that Plaintiff was the prevailing party. Further, the settlement stipulated that attorneys' fees, costs and expenses would be recoverable under the SBA by motion. A true and correct copy of the Settlement Agreement is attached in the Barry Decl. as **Exhibit "3."**

**III.   PLAINTIFF ATTEMPTED TO RESOLVE THE ISSUE OF PLAINTIFF'S FEES AND COSTS PRIOR TO THE FILING OF THIS MOTION**

During litigation, Plaintiff attempted to keep the costs and fees low by attempting to resolve all discovery issues informally, however despite Plaintiff's efforts, all of the fees, costs and expenses incurred in this matter resulted from Defendant NNA obstinacy, refusal to promptly comply with California's consumer protection laws, and failure to do right by its customers. Plaintiff, as the prevailing party in this action, made every reasonable effort to resolve the payment of his

-4-

attorneys' fees but were forced to file this Motion with the Court. It is important to note that the reasonable settlement allotted to Plaintiff should not limit the recoverable fees for the diligent efforts made by Plaintiff's counsel. *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal. App. 4th 140, 156.

Further, this motion is made following the conference of counsel pursuant to L.R. 7-3 which took place in person on June 13, 2022 and again on June 15, 2022. Despite Plaintiff's counsel's efforts in conferring with Defendant NNA regarding attorneys' fees, Defendant NNA was firm on its position with its unreasonable offer. *See generally*, Barry Decl.

## IV.    ARGUMENT AND ANALYSIS

### A.    <u>Plaintiff's Attorneys Are Entitled to Fees, Costs, and Expenses in This Action</u>

Entitlement to attorneys' fees and the calculation thereof in cases based on the Song-Berly Act in Federal Court sitting in diversity jurisdiction is determined according to California law. *Hall v. FCA US LLC* (E.D.Cal. May 21, 2018, No. 1:16-cv-0684 - JLT) 2018 U.S.Dist.LEXIS 85048, at *6-8; *Gordillo v. Ford Motor Co.*(E.D. 2014) 2014 U.S.Dist. LEXIS 84359, at *3-4. The procedure for requesting an award of attorneys' fees is governed by federal law. *Hall*, supra, 2018 U.S.Dist.LEXIS 85048, at *6. A prevailing plaintiff in a Song-Berly Act case is entitled to attorneys' fees, costs, and expenses pursuant to Civil Code section 1794(d). Conclusory, general arguments that the claimed attorneys' fees are excessive, duplicative, or otherwise not recoverable are insufficient. *Premier Med. Mgmt. Sys. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564. The opposing party has the burden of demonstrating that the claimed fees are excessive or duplicative. *Id.*, at 562.

Pursuant to the terms of the settlement agreement, Plaintiff is the ***prevailing party*** in this action, and, under the SBA, entitled to recoup all reasonable attorneys' fees, costs, and expenses. *See,* ¶2(c) of **Exhibit "3;"** FRCP 54 ; Code Civ. Proc. §

-5-

1   1032(a)(4); Civ. Code § 1794(d); *Graham v. DaimlerChrysler Corp.* (2004) 34
2   Cal.4th 553, 557; *Reveles v. Toyota by the Bay* (1997) 57 Cal.App.4th 1139.  Absent
3   a contrary showing, both the number of hours that the prevailing party's attorneys
4   spent litigating the case and their regular hourly rates are presumed to be reasonable.
5   *Serrano v. Unruh* (1982) 32 Cal.3d 621, 639 (counsel is entitled to all hours actually
6   spent, absent a showing of "special circumstances" that would render such an award
7   unjust; *Mandel v. Lackner* (1979) 92 Cal.App.3d 747, 761 (an attorney's regular
8   hourly rate is entitled to a presumption of reasonableness); Pearl, <u>California Attorney</u>
9   <u>Fee Awards</u>, at §§ 12.14A, 12.33 (2nd Ed. 2005.

10      In prosecuting this case, the efforts of TBLF amount to $40,007.50 in
11  attorneys' fees. *See*, Barry Decl., **Exhibit "4."**  Lastly, the reimbursable costs and
12  expenses set forth in Plaintiff's bill of costs are $1,669.18.  Barry Decl., **Exhibit "5."**
13  In total, Plaintiff requests $41,676.68 in fees, costs, and expenses.

14      **B.    <u>The Hourly Rates Sought by Plaintiff's Attorneys are Reasonable</u>**

15      The California Supreme Court adopted a "touchstone" or "lodestar" method in
16  *Serrano v. Priest* (1977) 20 Cal. 3d 25 (*Serrano III*); *see also Serrano v. Unruh*,
17  *supra*, 32 Cal. 3d 621, FN. 6.  The lodestar method involves "careful compilation of
18  the time spent in reasonable compensation for each attorney involved." *Serrano III*,
19  *supra*, 20 Cal. 3d at 48. Additionally, the California Court of Appeal has held that
20  the lodestar method is applicable to a determination of attorney's fees under the
21  SBA, *Civil Code § 1794(d)*, and entails multiplying the number of hours reasonably
22  expended by a reasonable hourly rate. *Graciano*, *supra*, 144 Cal. App. 4th at 154; *see*
23  *also Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal. App.
24  4th 785, 817-818 (applying the lodestar method to a request for attorney's fees under
25  The Song-Beverly Act).

26      In *Robertson*, the court observed a prevailing buyer represented by counsel is
27  entitled to an award of reasonable attorney's fees for time reasonably expended by
28  his or her attorney. *Robertson, supra*, 144 Cal. App. 4th at 817 (quoting *Nightingale*

-6-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

*v. Hyundai Motor America* (1994) 31 Cal. App. 4th 99). The *Robertson* court further ruled that the "statutory language in *Section 1794(d)* is reasonably compatible with a lodestar adjustment method of calculating attorney's fees, including use of fee multipliers." *Id.* at 819. The factors a court may consider in determining whether the time and rate are reasonable include: Rates approved in other cases, risk arising from contingency, and risk/expense arising from delay in payment. *Id.* at 822. In *Robertson*, the trial court awarded $145,080.50 in attorney's fees, plus a multiplier of 1.25. The trial court also awarded $13,566.70 in fees expended in connection with the motion for attorney's fees. *Id.* at 823.

In *Serrano III*, the court also enumerated a number of factors a trial court should consider when determining whether the requested hourly rate is reasonable. The factors include:

(1)    The novelty and difficulty of the questions involved, and the skill displayed in

presenting them;

(2)    The extent to which the nature of the litigation precluded other employment by the attorney;

(3)    The contingent nature of the fee award.

*Serrano III, supra*, 20 Cal. 3d 49. *See also, Graham, supra*, 34 Cal. 4th at 579; *PLCM Group, Inc. v. Drexler* (2000) 22 Cal. 4th 1084, 1096.

The remedial purpose of *Civil Code § 1794(d)* is readily apparent. As the California Supreme Court noted, "By permitting prevailing buyers to recover their attorney's fees in addition to costs and expenses our legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible." *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal. 4th 985, 994.

In *Graciano*, the trial court rejected plaintiff's lodestar fees of $109,468.50 and request for a multiplier of two. The trial court reduced the plaintiff's attorney's

-7-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

1  hourly rate to $250.00 an hour from the requested rate of $350.00 an hour. The

2  plaintiff appealed the trial court's reduction. The appellate court reversed the trial

3  court's decision reasoning that a court considering a fee motion should determine the

4  prevailing rate in the community for comparable professional legal services. In other

5  words, the prevailing rate is the rate charged in the community for similar work.

6  *Graciano supra,* 144 Cal. App. 4th at 156 (*citing PLCM Group, Inc., supra,* 22 Cal.

7  4th at 1095). Ultimately, the California Court of Appeal ruled that the unrebutted

8  declarations offered by the plaintiff established the proper hourly rate at $350.00 and

9  that reducing that rate to $250.00 was an abuse of discretion. *Id.* The Court also

10  reaffirmed the principle that attorney's fees are not limited to a proportion of the

11  plaintiff's recovery. *Id. at 164.* The *Graciano* decision was issued ten years ago and

12  rates have clearly risen. The same attorney in *Graciano,* Hallen D. Rosner, now

13  charges $650.00 an hour (*See,* Declaration of Hallen D. Rosner).

14       In essence, *Graciano* holds that evidence establishing the prevailing hourly

15  rates in the region for plaintiff's attorneys with comparable skill and experience

16  established the lodestar rate *as a matter of law. Graciano, supra,* 144 Cal. App. 4th

17  at 156. On remand the trial court found that the lodestar rate of $350.00 per hour was

18  reasonable and added a multiplier of 2.0 for a total fee award of over $380,000.00.

19  "Under the lodestar method, a party who qualifies for a fee should recover for all

20  hours reasonably spent unless special circumstances would render an award unjust."

21  *Serrana,* supra, 32 Cal. 3d at 639. The California Supreme Court has expressly ruled

22  that prevailing parties who are entitled to recover their attorney's fees are also

23  entitled to recover their fees for the time spent preparing and defending their fee

24  applications. *Id.* at 631; *see also Los Angeles Police Protective League v. City of Los

25  Angeles* (1986) 188 Cal. App. 3d 1.

26       Consideration of the factors set forth above compels an award of attorney's

27  fees based on an hourly rate of $525.00-$600.00 an hour for Mr. Barry (*See,*

28  Declarations of David N. Barry and Hallen D. Rosner), $475.00 an hour for Ms.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS,
AND EXPENSES**

1  Galaviz (*See* Declaration of Anna Galaviz), $350.00 an hour for Ms. Norris (*See*
2  Declaration of Sarah Jane Norris), $300 an hour for Mr. Pascal (See Declaration of
3  Logan Pascal). A true and correct copy of TBLF's Attorney time entries is attached
4  in the Barry Decl. as **Exhibit "4."**

5      Moreover, empirical studies show that Mr. Barry's claimed rate is reasonable
6  and well within the acceptable range for attorneys who have practiced as long as Mr.
7  Barry. The *United States Consumer Law Fee Survey Report* for the 2017-2018 year
8  was published in September 2019[1]. The survey report is the only consumer law
9  survey that has been accepted by the National Association of Legal Fee Analysis and
10 has been used by more than 35 jurisdictions to determine reasonable attorney fee
11 rates.

12     For example, Page 59 of that study shows that the average hourly state of
13 California attorneys with 21-25 years of practice in consumer law is $507 per hour.
14 Put simply, not only are Mr. Barry's fees reasonable, but it is also supported by an
15 accepted study readily relied upon by state and federal courts throughout the country.
16 A true and correct copy of the excerpt from the *United States Consumer Law Fee*
17 *Survey Report* is attached in the Barry Decl. as **Exhibit "6."**

18  **1.  *The Nature and Complexity of the Litigation Support the***
19     ***Attorneys' Fees Requested***

20     Determining the amount of reasonable fees may involve consideration of the
21 nature and complexity of the case. *Dietrich v. Dietrich* (1953) 41 Cal. 2d 497, 506;
22 *Graciano, supra*, 144 Cal. App. 4th 147. Litigation in this matter should have never
23 been necessary but for Defendant NNA's failure to promptly repurchase Plaintiff's
24 Vehicle under the SBA.

25     Of course, Defendant NNA is entitled to defend a case the way it desires.
26 However, when Defendant NNA fails to comply with the SBA and promptly

---

[1] The survey is 408 pages in length. Due to the length, the entire survey has not been provided but is publicly available for download at: https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2017-2018.pdf.

-9-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS,
AND EXPENSES**

1    repurchase Plaintiff's vehicle in pre-litigation, thus forcing Plaintiff to engage in

2    litigation, Defendant NNA has no legitimate basis for complaining about the amount

3    of attorney's fees requested when they are reasonably and actually incurred.

4           **2. *The Firm's Skill Justified the Amount of Attorneys' Fees Sought***

5           A trial court may also take into account the skill of the attorneys when

6    determining reasonable attorney's fees. *La Mesa–Spring Valley School District v.*

7    *Otsuka* (1962) 57 Cal. 2d 309, 316. As a direct result of this settlement, Plaintiff

8    received a generous settlement. This is direct result of the skill, knowledge,

9    preparation and tenacity of Plaintiff's counsel. Mr. Barry specializes in consumer

10   law, namely as it applies to the SBA.

11       **C.**   **<u>The Settlement Amount Does Not Limit the Attorneys' Fee Recovery</u>**

12          Defendant NNA may argue that damages recovered does not justify an

13   attorneys' fee award in the amount requested by Plaintiff. As discussed above, such

14   an argument is starkly against the weight of California law.

15          It is well established that California courts have consistently "rejected the

16   notion the fee award must be proportionate to the amount of damages recovered."

17   *Niederer v. Ferreira*, (1987) 189 Cal. App. 3d 1485, 1508.

18
19        It should be noted that *an attorney's fee is to be based upon actual*
     *time expended rather than being tied to any percentage of the*
20   *recovery*. This requirement is designed to make the pursuit of
     consumer rights involving inexpensive consumer products
21   economically feasible. . . The trial court did not err in calculating
22   attorneys fees based on actual time expended.

23          *Drouin v. Fleetwood Enterprises*, (1985)163 Cal. App. 3d 486, 493 (emphasis

24   added). Because Plaintiff is suing "under consumer protection statues involving

25   mandatory fee-shifting provision, the legislative policies are in favor of [] recovery

26   of all attorney fees reasonably expended, without limiting fees to a proportion of []

27   actual recovery." *Graciano*, supra, 144 Cal. App. 4th at 164. In fact, a trial court may

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

1   abuse its discretion if it applies a rule of proportionality to a fee award. Thus,

2   Plaintiff is entitled to the incurred attorneys' fees and costs pursuant to the SBA

3   given the outstanding result for Plaintiff, and the language in the settlement

4   agreement.

5        The U.S. Supreme Court has previously considered the question of

6   proportionality in attorney fee awards and held: "[w]e reject the proposition that fee

7   awards under section [42 U.S.C.] 1988 should necessarily be proportionate to the

8   amount of damages a civil rights Plaintiffs actually recovers." *City of Riverside v.*

9   *Rivera* (1986) 477 U.S. 561, 574; *see also,* Sen. Report No. 93-151, 1st Sess., pp. 23-

10  24 (1973) (attorneys' fees under the Magnuson Moss Warranty Act are based on

11  actual time, not a percentage of the recovery); *Robertson, supra,* 144 Cal.App.4th at

12  820; *Independent Federation of Flight Attendants v. Zipes* (1989) 491 U.S. 754, fn.2

13  (fee shifting provisions under Magnuson-Moss and Song-Beverly "are to be

14  interpreted alike"); *Goglin, v. BMW of North America, LLC* (2016)*,* 4 Cal.App. 5th

15  464, 468-69 (affirming award of $185,000 in fees and costs in a Song-Beverly Act

16  case that settled for $75,000); *Vo v. Las Virgenes Municipal Water District* (2000) 79

17  Cal.App.4th 440, 446 (affirming $470,000 fee award after $40,000 judgment because

18  the defendant was excessively litigious and took a non-settlement posture); *Harman*

19  *v. City and County of San Francisco* (2007) 158 Cal.App.4th 407 (affirming award

20  of approximately $1.1 million in fees where Plaintiffs recovered $30,300).

21       Attorneys' fees and costs commonly exceed the client's damages.  The

22  Legislature acknowledged that substantial work might be needed to prosecute such

23  claims against large corporations, which is the reason behind the fee shifting

24  provision of the SBA. Otherwise, consumers would be left without opportunity for

25  redress when their damages were not enough for an attorney to take the case on a

26  contingent fee or hourly rate basis.  "The purpose of statutory attorney fee provisions

27  is to provide financial incentives necessary for the private enforcement of important

28  civil rights." *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132.  Thus, the SBA gives

-11-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

consumers the opportunity to seek legal redress even if their damages would not be high enough to warrant legal representation. The award of attorneys' fees *cannot* be limited by damages recovered. Any argument by Defendant NNA to the contrary would be entirely insincere, as the law is clear on this point. (*Id.*)

### D. **Plaintiff is Entitled to Recover All Costs and Expenses Reasonably Incurred in Connection with This Action**

The California legislature intended the word "expenses" in the SBA to cover outlays not included in the detailed statutory definition of "costs", and the legislative history of the SBA demonstrated that the legislature exercised its power to permit the recovery by prevailing buyers of a host of litigation expenditures. *Jensen v. BMW of North America, Inc.* (1995) 35 Cal. App. 4th 112, 137-138.

A verified memorandum of costs generally satisfies the moving party's burden of establishing that the costs were necessarily incurred. *Hadley v. Krepel* (1985) 167 Cal. App. 3d 677, 682. Once established, the burden shifts to the party opposing the motion to show that the costs were unnecessary. *Id.* The attached verified memorandum of costs demonstrates that Plaintiff's attorneys incurred $1,669.18 in costs prosecuting this matter, all of which were advanced by counsel. Please *see*, Barry Decl., **Exhibit "5."** These costs include filing fees and motion fees. *Code of Civil Procedure § 1033.5.*

## V. CONCLUSION

The facts reflect that all of the fees incurred in this matter resulted from Defendant NNA's obstinacy. Clearly, Defendant NNA should have *promptly* repurchased this highly defective Vehicle prior to Plaintiff retaining counsel. Defendant NNA continued its unnecessary tactics throughout this litigation by failing to negotiate in good faith, and never acknowledging its liability notwithstanding the fact that it knew and admitted Plaintiff's Vehicle was irreparable. These strong-arm tactics are exactly the type of behavior that the SBA was designed to curb

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

Here, Plaintiff's counsel has (1) stood up for a California consumer against a multi-national corporation on a purely contingent basis, (2) forwarded $1,669.18 in costs and expenses on his behalf, and (3) expended $40,007.50 in attorney time without compensation.

For the reasons above, Plaintiff respectfully requests that this Honorable Court award costs and fees as follows:

| Lodestar Fees: | # of Hours | Rate | Amount |
|---|---|---|---|
| David Barry, Esq. (prior to January 2022): | 4.0 | $525.00 | $2,100.00 |
| David N. Barry, Esq. (January 2022 to the present): | 27.6 | $600.00 | $16,560.00 |
| Anna Galaviz, Esq.: | 19.3 | $475.00 | $9,167.50 |
| Sarah Jane Norris, Esq.: | 5.4 | $350.00 | $1,890.00 |
| Logan Pascal, Esq.: | 34.3 | $300.00 | $10,290.00 |
| **TOTAL LODESTAR:** | **90.6** | | **$40,007.50** |
| **COSTS:** | | | **$1,669.18** |
| **FINAL TOTAL:** | | | **$41,676.68** |

Date: June 28, 2022

THE BARRY LAW FIRM

By:    /s/ David N. Barry
    DAVID N. BARRY, ESQ.
    SARAH JANE NORRIS, ESQ.
    Attorneys for Plaintiff,
    OSCAR LEMUS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2022 I filed the foregoing document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.


_____/s/ David. N. Barry_____