UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-01301-AH-(GJSx) | Date | March 14, 2025 |
| Title | *Oscar Lemus v. Nissan North America, Inc.* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (DKT. NO. 35)**

Before the Court is Plaintiff Oscar Lemus's ("Plaintiff") Motion for Attorneys' Fees ("Motion"). Mot., Dkt. No. 35. The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15.  Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's Motion for Attorneys' Fees.

**I.   BACKGROUND**

Plaintiff Oscar Lemus brought this action against Nissan North America, Inc. ("Defendant") on January 24, 2022 in the Superior Court of California, County of Los Angeles. *See generally* Notice of Removal, Dkt. No. 1. Plaintiff asserted three causes of action, including claims under the Song-Beverly Consumer Warranty Act for breach of implied and express warranty, as well as for fraudulent inducement. *Id.* This matter was removed to federal court on February 25, 2022. *Id.*

Plaintiff filed this Motion for Attorneys' Fees on June 28, 2022. Mot., Dkt. No. 35. This case was transferred to this Court on December 6, 2024. Order, Dkt.

No. 44. On January 23, 2024, the Court ordered the parties to meet and confer, and to file a joint status report concerning the status of the case. Order, Dkt. No. 46. The parties filed a joint status report on February 6, 2025 explaining that the parties remain unable to resolve the dispute and requesting that the Court issue a ruling. Status Report, Dkt. No. 47. Plaintiff requests an amount of $41,676.68, constituting of $40,007.50 in attorneys' fees and $1,669.18 in costs and expenses. Mot. at 13.

## II.   LEGAL STANDARD

A federal court sitting in diversity "applie[s] state law in determining not only the right to [attorney's] fees, but also the method of calculating the fees." *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Under California Civil Code Section 1794, the prevailing party under the Song-Beverly Act, is entitled to recover attorney's fees "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

A party is "the prevailing party" if it has clearly achieved its main litigation objective. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 151 (2006). "[C]onsumers who successfully achieve the goals of their litigation through a compromise agreement [do] not lose their statutory right to fees and costs" unless they expressly waived it in the compromise agreement. *Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252, 1262 (2012). "[W]hen the prevailing buyer has a contingency fee arrangement, he or she is entitled to recover reasonable attorney fees for time reasonably expended." *Warren v. Kia Motors Am., Inc.*, 30 Cal. App. 5th 24, 35 (2018) (internal quotation omitted).

The Song-Beverly Act requires a trial court "to make an initial determination of the actual time expended [by the prevailing party's attorneys]; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). "A prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Id.* (internal quotations and citation omitted). The "[l]odestar analysis is generally the same under California law and Federal law." *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1017 (C.D. Cal. 2014).

"[A] reasonable number of hours equals the number of hours . . . [which] could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotations and citation omitted). The Court is to exclude entries for hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 1203 (citation omitted).

## III.    DISCUSSION

As a preliminary matter, Defendant disputes whether Plaintiff is the prevailing party. Defendant argues that "[t]here was no 'true' prevailing party in this action" and that the "fees and costs of the litigation should be completely rejected as not reasonably incurred or unnecessary because hiring [Plaintiff's counsel] did not result in a better settlement." Opp'n, Dkt. No. 39, at 3-4. However, the settlement agreements that both parties have produced designate Plaintiff as the prevailing party. *See* Thomas Decl., Dkt. No. 38, Ex A; Notice of Errata, Dkt. No. 37, Ex. 3. Plaintiff has recovered in the settlement and achieved his primary objective in bringing this action against Defendant. Accordingly, the Court finds that Plaintiff is the prevailing party. *See id.*

### A.    Rates

"[T]he district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The fee applicant bears the burden of showing that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal quotation omitted).

Plaintiff seeks the following rates for the attorneys that worked on this case: (1) $600 for David N. Barry ("Barry") from January 2022 to present, and $525 for Barry prior to January 2022; (2) $475 for Anna H. Galaviz ("Galaviz"); (3) $350 for Sarah Jane Norris ("Norris"); and (4) $300 for Logan Pascal ("Pascal"). *See* Mot. at 13. Plaintiff contends that the hourly rates are reasonable considering the factors set forth by the California Supreme Court and the prevailing rate in the community for similar work. *See id.* at 6-10. Defendant challenges the number of

attorneys on the case and requests that the rates be reduced to the first quartile amounts per the Rate Report.[1] Opp'n at 10-11.

The Court finds that Plaintiff has sufficiently justified the rates for all attorneys and sees no reason to deviate from these reasonable amounts. A number of courts have recently accepted these figures, and all Plaintiff's attorneys have submitted extensive evidence of their experience in these types of cases. *See* Barry Decl., Dkt. No. 35-2; Norris Decl., Dkt. No. 35-8; Pascal Decl., Dkt. No. 35-9; Galaviz Decl., Dkt. No. 35-10. Although Plaintiff's rates are higher than the Rate Report's first quartile amounts as requested by Defendant, the Court finds Plaintiff's amounts justified considering rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho,* 523 F.3d at 980.

### B. Hours

"[T]he lodestar method vests the trial court with the discretion to decide which of the hours expended were 'reasonably spent' on the litigation." *Meister v. Regents of University of California*, 67 Cal. App. 4th 437, 449 (1998) (citation omitted). In evaluating an attorney's fees request, the court considers "whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008).

Plaintiff is seeking an award based on 90.6 hours. Mot. at 13. Defendant challenges the number of hours for reasonableness. Opp'n at 8. Specifically, Defendant argues that bills generated to recover attorney's fees and bills related to a claim that was later dismissed should not be included. *Id.* at 8-10. The Court finds the number of hours billed was reasonable and justified by Plaintiff.

The Court does, however, subtract anticipated hours that were never carried out. Plaintiff includes in its hour calculations "Travel to/back from First Street Courthouse for Motion for Attorneys' Fees, Costs, and Expenses" and "Attend Hearing on Motion for Attorneys' Fees, Costs, and Expenses." *See* Ex 4, Dkt. No. 35-5. Because the hearing on this Motion was never held and the matter taken under submission, the Court subtracts the hours anticipated for participation and

---

[1] Defendant requests the rates be decreased to $350 for Barry, and $260 for each of Galaviz, Norris, and Pascal for a total of $26,400.

travel concerning the hearing. Accordingly, three (3) hours are removed from the total amount of hours. Therefore, the adjusted total number of hours is 87.6.

### C.   Lodestar

Plaintiff calculated the lodestar at $40,007.50. The Court subtracts from the lodestar anticipated, but unincurred, legal fees Plaintiff accounted for in its Motion. Because the hearing on this Motion was never held and the matter taken under submission, the court subtracts costs for these entries, as addressed above. Accordingly, $1,800 ($600 x 3) is removed from the total costs. *See* Ex 4, Dkt. No. 35-5. Therefore, the adjusted total lodestar is $38,207.50.

### D.   Costs

Prevailing parties under the Song-Beverly Act are also entitled to the costs incurred in bringing the action. Cal. Civ. Code § 1794(d). Plaintiff seeks $1,669.18 in costs. *See* Mot. at 13. Defendant argues that "since there were no costs generated prior to filing the complaint, the costs of $1,669.18 should be rejected." Opp'n at 7. The costs Plaintiff requests, however, include reasonable filing fees and motion fees not outside the scope of costs permitted under California Civil Code, Section 1794 (d). Mot. at 12; *see* Ex. 5, Dkt. No. 35-6; Bill of Costs, Dkt. No. 40. Accordingly, the Court will award Plaintiff costs and expenses in the amount of $1,669.18.

## IV.   CONCLUSION

For the above reasons, the Court GRANTS IN PART Plaintiff's Motion for Attorneys' Fees, Expenses, and Costs. The Court awards Plaintiff $38,207.50 in attorneys' fees and $1,669.18 in costs, totaling $39,876.68. Plaintiff shall lodge a proposed judgment within five (5) days of the issuance of this Order.

**IT IS SO ORDERED.**